United States District Court

District of Maine

| | |
|---|---|
| IN RE: ) | |
| ) | |
| INTERIM PROCEDURES FOR THE ) | |
| FILING, SERVICE, AND ) | GENERAL ORDER 2021-1 |
| MANAGEMENT OF HIGHLY ) | |
| SENSITIVE DOCUMENTS ) | |

**GENERAL ORDER**

In response to recent disclosures of widespread breaches of both private sector and government computer systems, the Judicial Conference of the United States has requested each Judicial District to consider adopting, on an expedited basis, additional security procedures to protect "highly sensitive documents" (HSDs) filed with the nation's Federal Courts. The Judicial Conference has not adopted a specific definition of what constitutes an HSD, but has indicated that it includes "Title III applications (i.e., electronic surveillance or wiretap applications), [and] initial applications for search warrants." Administrative Office of the United States Courts, *Highly Sensitive Document Procedures: Background FAQs* (last updated Jan. 13, 2021), http://jnet.ao.dcn/court-services/highly-sensitive-document-procedures/background-faqs. It has also cautioned Courts "not to be overinclusive in determining what is an HSD." *Id.*

Based on the request of the Judicial Conference and pursuant to Fed. R. Crim. P. 49(b)(3)(A), good cause exists to require the filing of certain highly sensitive documents outside of the Court's electronic filing system. Because the Court is acting on an expedited basis without having received information fully explaining the nature and extent of the data breaches, this General Order is adopted on an interim basis.

**THEREFORE, IT IS HEREBY ORDERED** that, effective as of the date of this Order and until such time as the Court orders otherwise, the handling, filing, service, and management of documents that qualify as HSDs shall be subject to the procedures and requirements set forth below.

1. **Documents Subject to this Order**

    The following types of documents are deemed HSDs: (i) applications for search warrants and tracking warrants, supporting affidavits, and resulting warrants; (ii) applications for wire, oral, or electronic

communication interceptions, supporting affidavits, and resulting orders; and (iii) applications for pen/trap devices and resulting orders.

### 2. Providing HSDs to Clerk or Judicial Officers

The Government may submit an HSD listed in paragraph 1(i) to the Clerk by email in cases in which the Government has determined that a prompt decision on the warrant application is necessary, anticipates that the warrant will be executed within 72 hours of its issuance, and has concluded that the HSD does not contain information that, if revealed, could create a high risk of imminent threat to an identifiable individual, cause harm to our country's national security, or expose trade secrets. Otherwise, if an HSD or proposed HSD is provided to the Clerk, it must be provided in paper copy by hand-delivery or mail. The Clerk's Office will file and maintain the HSD in a secure paper filing system.

### 3. Termination of HSD Designation

a. For search warrants, the designation of "highly sensitive" will expire when a search warrant has been executed and returned to the Court unless the Government moves for, and the Court grants, an extension of the HSD classification. Search warrants that are no longer deemed as highly sensitive will be docketed and uploaded to CM/ECF.

b. All other documents that are HSDs shall be stored in paper and not entered in CM/ECF until the presiding Judge or, in the absence of the presiding Judge, the Chief Judge has ordered that the document shall no longer be treated as an HSD.

### 4. Effectiveness

This General Order shall take effect immediately and shall remain in effect until superseded by another General Order or terminated by Order of the Chief Judge.

**SO ORDERED.**

Dated: January 15, 2021

                                                /s/ Jon D. Levy
                                           **CHIEF U.S. DISTRICT JUDGE**