**United States District Court**

**District of Maine**

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| COURT OPERATIONS UNDER | ) | |
| THE EXIGENT CIRCUMSTANCES | ) | |
| CREATED BY THE COVID-19 | ) | GENERAL ORDER 2021-6 |
| CORONAVIRUS & RELATED | ) | (Amended August 3, 2021) |
| PANDEMIC PRECAUTIONS: | ) | (Amended August 31, 2021) |
| THE USE OF FACE COVERINGS | ) | (Amended December 10, 2021) |
| OR MASKS IN COURT FACILITIES | ) | (Amended January 12, 2022) |
| | ) | (Amended March 22, 2022) |
| | ) | (Amended May 20, 2022) |
| | ) | (Amended September 12, 2022) |

**GENERAL ORDER REGARDING MASKS AND COURTHOUSE ENTRY REQUIREMENTS**

This General Order is issued in response to the COVID-19 pandemic in accordance with the *Pandemic/Infectious Disease Plan for the United States District Court for the District of Maine* (March 2020). The Court adopts and incorporates the findings made in its previous General Orders as to the threat to public health and safety presented by the COVID-19 pandemic.

Accordingly, to protect public health and safety, it is hereby ORDERED:

1. **Applicability.** The following requirements apply to the Edward T. Gignoux Courthouse in Portland, the U.S. Probation and Pretrial Services Offices in Bangor and Portland, the U.S. Bankruptcy Court in Portland, and the third floor of the Margaret Chase Smith Federal Building in Bangor ("the Courthouses or court-occupied spaces.").

2. **Mask Requirements.**

   a. "High" Community Level Designation by the U.S. Centers for Disease Control and Prevention. All persons seeking entry to the Courthouses and court-occupied spaces are required to wear a mask at all times while

they are inside the Courthouse or court-occupied spaces if the courthouse or court-occupied space is in a county which the CDC designates as having a "high" community level. *See* https://www.cdc.gov/coronavirus/2019-ncov/your-health/covid-by-county.html. Every Friday morning, Court Unit Executives will post notices on the District's websites and post signs at all entrances to the affected Courthouse and/or court-occupied spaces that will apply for the next seven-days if masks are required pursuant to this provision.

**b.** Multi-Day Proceedings, Jury Empanelment, Jury Trials, and Large Gatherings. All persons involved in multi-day proceedings, jury empanelment, jury trials, or large gatherings are required to wear a mask at all times. For purposes of this subsection, a "large gathering" is any court proceeding or meeting in which the number of persons in attendance exceeds 50% of the space's maximum occupancy. Each Unit Executive shall determine and post at the entrance to every courtroom and public meeting space the number of persons that may occupy the courtroom or meeting space without masks being required for all persons in attendance.

**c.** When masks are required, masks must completely cover the mouth and nose. Masks should fit snugly against the sides of the face.

**d.** When masks are required, qualifying face masks include ASTM-rated Level 3 surgical masks, KF94, KN95, and N95 masks. Cloth masks may be worn only when a qualifying mask is worn beneath the cloth mask.

**e.** The Court will provide, without charge, Level 3 surgical masks to all employees and visitors in need of a qualifying face mask.

**f.** When masks are required, masks must be worn in all publicly accessible areas of the Courthouses and court-occupied spaces, including court security screening entrances, hallways, courtrooms, conference rooms, and elevators, unless otherwise directed by a Judge. If the wearer is a court employee who is up to date on vaccinations and who is alone in a private office, cubicle, or workspace where at least six feet of physical distance from other persons can be maintained, the wearer may

temporarily remove the mask.

**g.** Masks are not required for children under age 2, anyone who has trouble breathing or related medical conditions, or anyone who is unable to remove the mask without assistance. A person who cannot wear a mask because of a medical condition is not required to produce medical documentation of the condition, except that the Court may require such documentation from an employee in accordance with state and federal law.

**h.** When masks are required pursuant to subsections 2(a) or 2(b), every attorney, party, witness, or other person who will have a speaking role and who wishes to remove their mask while speaking:

i. Must be up to date on vaccinations and must take a rapid antigen test and test negative the day of the court proceeding. The test will be self-administered, under the supervision of the Clerk's Office, and will be provided without charge. If the circumstances permit, the test should be taken at least one hour before the court proceeding. Attorneys shall inform their clients and witnesses of this requirement. The results of the rapid antigen test will be reported to the presiding Judge before the court proceeding. The Clerk's Office shall maintain a record of all tests administered.

ii. Persons with a speaking role who fail to comply with the test requirement are not permitted to remove their masks when speaking during a court proceeding.

**i.** Persons in custody must be tested before their court appearance in a manner approved by the U.S. Marshal or his designee.

**j**. For the purposes of this Order, a person is considered up to date on vaccinations if they have received all available doses in the primary COVID-19 vaccination series and all available boosters for which they are eligible.

3. **Entry Restrictions.** Regardless of vaccination status:

   a. A person may not enter the Courthouses or court-occupied spaces if the person is unwilling to comply with the requirements of this Order.

   b. A person who has (i) tested positive for COVID-19 within the past 10 days, (ii) been told to presume that they have COVID-19 by a health professional, (iii) COVID-19 symptoms, or (iv) recently had close contact with someone who has COVID-19, must comply with all requirements of the U.S. Centers for Disease Control and Prevention and may not enter so long as the person is recommended to isolate in accordance with CDC guidance: https://www.cdc.gov/coronavirus/2019-ncov/your-health/quarantine-isolation.html.

If you are scheduled or required to appear and you are unable to appear because of the restrictions in this Order, you are directed to contact the appropriate person listed in the Points of Contact in Appendix A of this Order.

4. **Points of Contact.** Members of the public who have questions about the entry requirements or other provisions of this Order are encouraged to contact the Points of Contact listed in Appendix A to this Order.

5. **Effectiveness; Termination.** This General Order supersedes General Orders 2020-7 and 2020-13, as well as the Court's *Plan for Resuming Trials* (Apr. 13, 2021) and *Protocols Concerning In-Person Court Proceedings During COVID-19 Pandemic* (Apr. 20, 2021). This General Order takes effect immediately and shall remain in effect until further Order of the Court.

**SO ORDERED.**

**Dated: September 12, 2022**

**/s/ Jon D. Levy**
**CHIEF U.S. DISTRICT JUDGE**

***Note Regarding August 3, 2021, Amendment:***

General Order 2021-6, originally entered on June 28, 2021, is amended effective August 3, 2021, to align the Court's mask requirements with updated CDC guidance regarding mask-wearing in areas with substantial or high community transmission rates.

***Note Regarding August 31, 2021, Amendment:***

General Order 2021-6, as amended on August 3, 2021, is amended effective August 31, 2021, to require all persons, regardless of vaccination status, to wear masks in all publicly accessible areas of the Courthouse and court-occupied spaces.

***Note Regarding December 10, 2021, Amendment:***

General Order 2021-6, originally entered on June 28, 2021 and subsequently amended on August 3, 2021 and August 31, 2021, is amended effective December 20, 2021, in response to an ongoing surge in COVID-19 cases due to the Delta variant, as reflected by Maine CDC tracking data, *see* Ctrs. for Disease Control & Prevention, *COVID Data Tracker*, https://covid.cdc.gov/covid-data-tracker/#county-view, by adding subsection (3)(e) which requires persons with a speaking role in an in-court proceeding who will remove their masks to submit to rapid antigen testing, and to provide for the testing of persons in custody.

***Note Regarding January 12, 2022, Amendment*:**

General Order 2021-6, originally entered on June 28, 2021 and subsequently amended on August 3, 2021, August 31, 2021, and December 10, 2021, is amended effective January 12, 2022, in response to an ongoing surge in COVID-19 cases due to the Delta and Omicron variants, as reflected by Maine CDC tracking data, https://covid.cdc.gov/covid-data-tracker/#county-view, by specifying the types of qualifying face masks. The Omicron variant has been shown to be more transmissible than the original SARS-CoV-2 virus, *see* https://www.cdc.gov/coronavirus/2019-ncov/variants/omicron-variant.html, and therefore requires face masks which provide a consistent level of respiratory protection.

***Note Regarding March 22, 2022, Amendment:***

General Order 2021-6, originally entered on June 28, 2021 and subsequently amended on August 3, 2021, August 31, 2021, December 10, 2021, and January 12, 2022, is amended effective March 23, 2022, to eliminate the physical distancing requirement and remove the mask requirement for all proceedings except multi-day

proceedings, grand jury proceedings, empanelment, jury trials, and large gatherings. This relaxation of the physical distancing and mask requirements is made in consultation with the Court's Covid-19 consultant and in response to the reduction of the rate of infections related to the Omicron variant.

***Note Regarding May 20, 2022, Amendment:***

General Order 2021-06, as previously amended, is amended effective May 20, 2022, in response to a substantial increase in the spread of COVID-19. The amendments update the District's mask requirements, vaccination requirements, and entry restrictions by adopting or referencing standards of the Centers for Disease Control and Prevention.

***Note Regarding September 12, 2022, Amendment***

General Order 2021-06, as previously amended, is amended effective September 12, 2022, to eliminate the requirement in subsection 2(b) that participants in grand jury proceedings be masked. This relaxation of requirements is based in part on updated guidance issued in August 2022 by the Centers for Disease Control and Prevention. Additionally, the term "fully vaccinated" was changed to "up to date" on vaccinations, and the definition was changed to reflect that an individual must have received all boosters for which they are eligible and that are available in order to be up to date on vaccinations. Finally, minor changes to the language of this Order were made to keep it in accordance with the language used by the Centers for Disease Control and Prevention in its updated guidance.

## Appendix A – Points of Contact

- If you are represented by an attorney, **contact your attorney**.

- If you are represented by the **Federal Public Defender**:
  - Portland: (207) 553-7070
  - Bangor: (207) 992-4111

- Anyone having business with the **U.S. Attorney's Office**:
  - Portland: (207) 780-3257
  - Bangor: (207) 945-0373

- Anyone having business with the **U.S. Marshals Service**:
  - Portland: (207) 780-3355
  - Bangor: (207) 945-0416

- If you are scheduled to meet with a **U.S. Probation or Pretrial Services Officer**:
  - Portland: (207) 780-3358
  - Bangor: (207) 945-0369

- If you are a **juror**, or if you have **any other business** with the District Court, an attorney, or a pro se party, please contact the Clerk's Office:
  - Portland: (207) 780-3356
  - Bangor: (207) 945-0575

- If you have business with the **U.S. Bankruptcy Court**, please contact the U.S. Bankruptcy Court Clerk's Office:
  - Portland: (207) 780-3482
  - Bangor: (207) 945-0348